IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRANCE ROSS WILLAMAN,  )
    Plaintiff )
     )
vs. ) C.A.No. 13-229Erie
 ) District Judge Cohill
ERIE SATELLITE OFFICE OF THE ) Magistrate Judge Baxter
BUREAUOF ALCOHOL, TOBACCO, )
FIREARMS AND EXPLOSIVES, )
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that this case be dismissed as Plaintiff has received the relief requested. All pending motions should be dismissed as moot.

### II. REPORT

Plaintiff, acting *pro se,* filed this action on July 26, 2013. In his complaint, Plaintiff complains that Defendant has failed to answer his May 22, 2013 information request under the Freedom of Information Act. As relief, Plaintiff seeks:

> 9. Willaman is *not* asking this court to grant him relief from disabilities; Willaman is *only* asking this Court to order the Respondent Erie Satellite Office of the ATF to *answer the questions* it received on May 22, 2013. […]
>
> WHEREFORE, Petitioner Terrance Ross Willaman moves this Court for an Order directing the Respondent the Erie Satellite Office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives to answer the following questions:
> Since the AFT may not expend any funds for this purpose, what is to prevent

1

> > (1) An individual applicant for relief from disabilities to pay for the process?
>
> > (2) What statutes, rules, or regulations prohibit the ATF from allowing an individual applicant to pay for the process?

ECF No. 1, page 3, 5 (emphasis in original).

Defendant answered Plaintiff's FOIA request by letter dated January 6, 2014. See ECF No. 9-2, pages 6-7. The letter informed Plaintiff that his request did not conform to the requirements necessary under the FOIA because he sought answers to question rather than identifiable government records.[1] Furthermore, the ATF suggested possible cures to this defect. Because Plaintiff has received the relief he originally sought, this action has become moot and should be dismissed.

### III. CONCLUSION

It is respectfully recommended that this case be dismissed as Plaintiff has been granted the relief requested. All pending motions should be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond

---

[1] See 28 C.F.R. § 16.3(b) ("Description of records sought. You must describe the records that you seek in enough detail to enable department personnel to locate them with a reasonable amount of effort. Whenever possible, your request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record. In addition, if you want records about a court case, you should provide the title of the case, the court in which the case was filed, and the nature of the case. If known, you should include any file designations or descriptions for the records that you want. As a general rule, the more specific you are about the records or type of records that you want, the more likely the Department will be able to locate those records in response to your request. …").

thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated: January 28, 2015